RACHAEL A. HONIG
Acting United States Attorney
PETER G. VIZCARRONDO
Assistant U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101
(856) 757-5031
Attorneys for Defendant United States
(substituted for United States Postal Service
and Mohamed Banine)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AHMED E. ELANSARY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> *Defendant*. | **HONORABLE** <br><br><br> Civil Action No. 20- <br><br><br> **NOTICE OF REMOVAL** |

To:  Clerk                                       John R. Gorman, Esquire
     Superior Court of New Jersey       Lutz, Shafranski, Gorman
     Law Division                              and Mahoney, P.A.
     Middlesex County                       77 Livingston Avenue
     56 Paterson Street                      P.O. Box 596
     New Brunswick, NJ 08903           New Brunswick, NJ 08903
                                                       Attorneys for Plaintiff

    PLEASE TAKE NOTICE that this action previously pending in the Superior Court of New Jersey, Middlesex County, Law Division, Docket No. MID-L-000446-21 (the "State Court Action"), is removed by Defendant United States of America (substituted for the United States Postal Service and Mohamed Banine), to the United States District Court for the District of New Jersey, pursuant to the

provisions of 28 U.S.C. § 2679(d). The United States of America, by and through its undersigned attorneys, respectfully state the following in support of the removal of this matter:

1. The Complaint in the State Court Action was filed on January 21, 2021. *See* **Exhibit A**.

2. Plaintiffs named United States Postal Service and Mohamed Banine as defendants.

3. The Certification of Scope of Employment confirms that Defendant Mohamed Banine was acting within the scope of his office of employment as an employee of the United States at the time of the conduct alleged in the Complaint. *See* **Exhibit B**.

4. In the Complaint, Plaintiffs allege a tort claim. Specifically, Plaintiffs allege that they sustained personal injuries as the result of a motor vehicle collision, involving a vehicle operated and owned by the United States Postal Service. *See* **Exhibit A ¶¶ 1-3.**

5. Pursuant to 28 U.S.C. § 2679(a), the only manner in which a plaintiff may bring a tort claim against an agency or employee of the United States is under the Federal Tort Claims Act ("FTCA"). Under the FTCA, the only proper defendant is the United States, not the federal agency or employee. *See Dilg v. United States Postal Serv.*, 635 F. Supp. 406, 407 (D.N.J. 1985) ("[T]he United States is the only proper defendant in a suit for personal injuries arising out of the negligence of federal employees. . . . Individual agencies of the United States may not be sued in their own name in such a case.").

6. Under the FTCA, the United States District Courts have exclusive jurisdiction over tort actions filed against the United States. 28 U.S.C. § 1346(b).

7. Service of process has not been effected upon the United States of America in the manner specified and required under Fed. R. Civ. P. 4(i).

8. A copy of this Notice of Removal will be electronically filed with the Clerk of the Superior Court of New Jersey, Middlesex County, Law Division. *See* **Exhibit C**. Copies of the Notice of Removal also will be served on all parties that have appeared in the action.

THEREFORE, in accordance with 28 U.S.C. § 2679(d), the above-captioned action brought in the Superior Court of New Jersey, Law Division, Middlesex County, is hereby removed to the United States District Court for the District of New Jersey for further proceedings, pursuant to 28 U.S.C. § 2679(a).

                                                RACHAEL A. HONIG
                                                Acting United States Attorney

By:   *s/Peter G. Vizcarrondo*
       PETER G. VIZCARRONDO
       Assistant U.S. Attorney

Dated: May 6, 2021